IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:01-CR-106-BO
No. 5:16-CV-403-BO

| | | |
|---|---|---|
| EMMANUEL SERRENO MCCRAE, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. [DE 89]. The government filed a response, conceding that the relief which petitioner seeks is warranted. [DE 94].

## BACKGROUND

Petitioner pled guilty pursuant to a plea agreement to one count of possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (count two) and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e) (count three). [DE 12, 22]. Petitioner appealed, and the appeal was dismissed. Petitioner then filed two unsuccessful § 2255 motions. In May 2016, the Fourth Circuit Court of Appeals authorized petitioner to file the instant second or successive § 2255 motion. [DE 88].

## DISCUSSION

Petitioner contends that he is no longer properly classified as an armed career criminal in light of *Johnson v. United States*, 135 S.Ct. 2551 (2015), and *Welch v. United States*, 136 S. Ct. 1257 (2016). In *Johnson*, the Supreme Court held that the residual clause of the Armed Career Criminal Act, 18 U.S.C. § 924(e), is unconstitutionally vague. 135 S.Ct. at 2557. In *Welch*, the Supreme Court held that *Johnson* applies retroactively on collateral review. 136 S.Ct. at 1265.

The government concedes that *United States v. Newbold*, 791 F.3d 455 (4th Cir. 2015), affects petitioner's armed career criminal status in this case. The government states that, pursuant to *Newbold*, two of petitioner's previous drug convictions are no longer serious drug offenses. The government also recognizes that, in the alternative, the Fourth Circuit's decision in *United States v. Gardner* could provide relief to petitioner under *Johnson*. *United States v. Gardner*, __ F. 3d __, No. 14-4533, 2016 WL 2893881 (4th Cir. 2016) (holding that a North Carolina conviction for common law robbery is no longer a violent felony). At the time of the government's response, the mandate in *Gardner* had not yet issued, but is since has and is thus another avenue of relief for petitioner.

As the government and petitioner agree that application of recent case law to petitioner's criminal history results in insufficient qualifying predicate convictions necessary to be sentenced as an armed career criminal under § 924(e), the Court, too, agrees and holds that resentencing of petitioner without application of the Armed Career Criminal Act is warranted.

## CONCLUSION

For the foregoing reasons, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is GRANTED, petitioner's sentence is hereby VACATED, and this matter shall be set for resentencing by separate notice. [DE 89].

SO ORDERED, this 12 day of August, 2016.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE